IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR M. LOGAN,

                    **Petitioner,**

        v.                            CASE NO.  11-3189-SAC

KANSAS DEPARTMENT
OF CORRECTIONS,
et al.,

                    **Respondents.**

**O R D E R**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Having examined the materials filed, the court finds that petitioner has not exhausted his state court remedies and that this action should be dismissed without prejudice as a result.

**FACTUAL BACKGROUND**

Mr. Logan was convicted by a jury in Johnson County District Court of four counts: aggravated liberties with a child less than 14, two counts of indecent liberties with a child greater than 14 but less than 16, and lewd and lascivious behavior sexual relations with a child less than 16.  On June 2, 2010, he was sentenced to consecutive terms totaling 177 months.

Petitioner's own exhibits from the state records in his criminal case indicate that on June 8, 2010, an order was entered allowing trial defense counsel Mr. Toth to withdraw, and another appointing the Kansas Appellate Defender's Office (KADO) to

represent him on appeal.[1]  Petitioner also exhibits a letter from

the KADO dated June 14, 2010, notifying him of their appointment and

advising that he would be hearing from them.   Petitioner's trial

attorney failed to file a timely Notice of Appeal (NOA).[2]  The KADO,

despite having been appointed to represent him on appeal, failed to

react to that failure.   On September 16, 2010, his trial attorney

filed an NOA, apparently with a motion to docket the appeal out of

time.  Having heard nothing since the June letter, Mr. Logan wrote

a letter dated October 6, 2010, to Mr. Lawless at the KADO inquiring

as to the status of his appeal, but received no response.   In April

2011 petitioner's prison counselor contacted the KADO, and they

stated they had no record of having been appointed in petitioner's

---

[1]     Petitioner's crimes, which were committed after July 1, 1993, fall
under K.S.A. 22-3608(c), which currently provides that the defendant has 14 days
"after the judgment of the district court to appeal."

[2]     Petitioner has not numbered the numerous exhibits attached to his
Petition.  At page 35 of his exhibits, he includes a copy of a letter written by
Toth in August 2011 to the KADO, which obviously was in response to questions
regarding the late NOA:

> On June 9, 2010, which was within the 10 day window, I filed a motion
> to withdraw which was granted by the Court and prepared an order
> appointing the appellate defender to represent Mr. Logan.   This was
> also filed June 9, 2010. . . .  Typically, I would have filed Mr.
> Logan's notice of appeal at the same time I filed the other two
> documents.  Obviously there was a clear intent to appeal Mr. Logan's
> case or I wouldn't have requested your office be appointed to
> represent him on his appeal.  My failure to file the notice of appeal
> was purely based on an oversight.  I have represented many criminal
> defendants who have proceeded to appeal their cases after trial.
> This is the first instance I have ever neglected to file the notice
> of appeal.  As soon as I discovered that the notice of appeal was not
> filed I filed his notice of appeal out of time on September 16, 2010.
> I did this after consulting with one of your attorneys because I had
> realized the error that was made.   The error was caused by
> inadvertence and oversight.  As you can tell I wouldn't have filed a
> document having your office appointed to represent Mr. Logan on his
> appeal if in fact there was ever any decision not to pursue an
> appeal.  All I can say is that my typical practice is to file the
> notice of appeal, order of withdraw, and order appointing the
> appellate public defender at the same time and within the 10 day
> window.  Unfortunately, for reasons I still don't know, the notice of
> appeal was not filed at the same time.

case.  After Mr. Logan provided proof, they responded that they were seeking transcripts.  In August 2011, which was eleven months after the NOA was filed, the KADO advised petitioner that his trial attorney had filed an appeal "out of time" and that they would be assisting him on appeal.  Page 49 of petitioner's exhibits is the KADO's response dated September 9, 2011, to the order of the KCA to show cause why the appeal should not be dismissed for lack of jurisdiction because the notice was not filed within the statutory time limits.

On-line appellate court records indicate that Mr. Logan's motion to docket his appeal out of time was granted.  State v. Logan, App.Case No. 106542 (KCA).  However, the date of that ruling is not evident.  "Notice of Action filed" was docketed on August 22, 2011; and "Appeal retained" was docketed on September 15, 2011.  The records also show that extensions of time have been granted for additional transcripts.  On September 30, 2011, petitioner was advised by the KADO that they were awaiting transcripts.  The Brief of Appellant was due on December 12, 2011, and Mr. Logan moved for and was granted an extension of time to file that brief to January 11, 2012.

GROUNDS

Petitioner sets forth three grounds in his Petition.  As ground one, he makes several allegations regarding the delay in the filing of his pending direct appeal, but does not delineate what federal constitutional violation he is asserting based upon these allegations.  Under another ground he asserts, in conclusory fashion only, that the KADO's 11-month delay is unconstitutional, prejudices

him and violates due process.

As ground two, petitioner claims that the Johnson County District Court violated several state statutes and his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by having him arrested and tried. In support of this claim, he alleges that Magistrate Judge Vokins stated on July 11, 2008, that he had "read the Complaint/Affidavit" and found probable cause to believe Mr. Logan had committed the crimes charged. Petitioner claims that Magistrate Vokins lied because the Complaint/Affidavit was not "manufactured, sworn, and signed" by Mr. Chavez and Assistant District Attorney Stein until the next day, July 12, 2008. He asserts that, as a result, the Johnson County Court was without jurisdiction to have him arrested, tried and convicted.

As ground three, petitioner alleges that the KADO is not addressing "these facts."

Mr. Logan asks this court "to intervene on Ground 1,2,3, for remedy/relief from illegal conviction and illegal incarceration." The court is also asked to "order the Ks. Appellate Defenders Office along with the State to decide appeal within 60 days or release" him pending the disposition of his appeal.

Under the form question on exhaustion, he states that he knows of "noone else to ask to move the Appellate Defenders Office for remedy for their . . . delay to representing (him) with (his) right to a timely appeal."

## FAILURE TO SATISFY FILING FEE

The filing fee for a federal habeas corpus action is $5.00.

Petitioner has not paid the fee or submitted a properly supported motion to proceed in forma pauperis (IFP) upon court-provided forms.[3] Neither the affidavit nor the financial information from a single month recently submitted by Mr. Logan satisfies the requirements in § 1915(a). This action may not proceed further until the filing fee is satisfied in one of these two ways. Petitioner is given time to submit a proper motion and adequate financial information in support or to pay the fee. He is forewarned that if he fails to satisfy the fee within the time allotted, this action may be dismissed without prejudice and without further notice.

## FAILURE TO EXHAUST STATE REMEDIES

Federal habeas corpus relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Mr. Logan has clearly not exhausted his available state court remedies, since his direct appeal is currently pending. Nor are his allegations sufficient to establish that the exhaustion prerequisite should be excused in this case.

"[I]nexcusable or inordinate delay by the state in processing

---

[3]     28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2).

claims for relief" may render the state process ineffective to protect the petitioner's rights and excuse exhaustion. <u>Harris v. Champion</u>, 15 F.3d 1538, 1555 (10th Cir. 1994)(citations omitted); <u>Hill v. Reynolds</u>, 942 F.2d 1494, 1496 (10th Cir. 1991). It has been more specifically held that "delay in adjudicating a direct criminal appeal beyond two years from the filing of the notice of appeal gives rise to a presumption that the state appellate process is ineffective." <u>Harris</u>, 15 F.3d at 1556. In <u>Harris</u> the Tenth Circuit held:

> that the state appellate process should be presumed to be ineffective and, therefore, exhaustion should presumptively be excused, when a petitioner's direct criminal appeal has been pending for two years without resolution absent a constitutionally sufficient justification by the State. See Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir.1987)( Burkett I )("[W]here a petitioner has demonstrated inordinate delay, we have placed the burden on respondents to demonstrate why further resort to the state courts should be required.").

<u>Id.</u>

The facts alleged by petitioner and garnered from the state records establish that there was an unfortunate, unnecessary delay in initiating his direct appeal. However, petitioner does not allege facts establishing that "the state process, now begun, will not provide him with an effective remedy." <u>Hunter v. McKune</u>, 208 Fed.Appx. 730, 733 (10th Cir. 2008)(unpublished).[4] Since Mr. Logan has not established that his state remedies are ineffective, he is required to exhaust all his claims in the state courts prior to seeking habeas relief in federal court.

---

[4]    Unpublished cases are cited as persuasive authority and not as binding precedent.

**REQUEST FOR EXPEDITED APPEAL OR RELEASE**

Petitioner seeks an order by this court requiring the KADO and the State to decide his direct appeal within 60 days or that he be released.  Obviously, it is neither the State nor the KADO that decides a direct appeal, but in this instance the Kansas Court of Appeals.

A remedy that has been occasionally provided by a federal habeas court that has found inordinate, prejudicial delay in a state appeal is "consideration of that direct appeal." Id. at 733.  The Tenth Circuit has held that "inordinate delay in adjudicating a defendant's direct criminal appeal could give rise to an independent due process violation."  Harris, 15 F.3d at 1557; see U.S. v. Yehling, 456 U.S. 1236, 1243 (10th Cir. 2006).  Like in Yehling, the delay in this case occurred after petitioner's sentence was imposed, but before a notice of appeal was filed.  In examining such a delay, the Circuit has applied the balancing test established by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 526 (1972).  Under Barker, four factors are to be assessed and balanced:

> (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.  Id.  None of the factors are necessary or sufficient; rather, the factors are related and should be considered together with other relevant circumstances. Id. at 533, 92 S.Ct. 2182.

Id.; Harris, 15 F.3d at 1559 ("Although Barker addressed only a defendant's right to a speedy trial," the Tenth Circuit "subsequently adopted the Barker analysis in determining whether a defendant's due process right to a timely direct criminal appeal in state court had been violated.") .

"The first factor, length of delay, functions as a 'triggering

mechanism'." <u>Id.</u> (citing <u>Barker</u>, 407 U.S. at 530). "The remaining factors are examined only if the delay is long enough to be presumptively prejudicial." <u>Id.</u>

Mr. Logan was sentenced on June 2, 2010. His NOA with a motion to file appeal out of time was filed three months late on September 16, 2010. The motion appears to have been granted in August or September, 2011. Orders for transcripts were immediately filed. The court cannot find from these facts that, at this juncture, the delay in this case was "presumptively prejudicial." Accordingly, the other <u>Barker</u> factors need not be examined. "Therefore, absent a future delay that either warrants excusing exhaustion or granting a conditional writ" to expedite his appeal, Mr. Logan "must exhaust his state remedies before seeking relief in federal court." <u>Id.</u>

The court notes that even if the remaining <u>Barker</u> factors are considered, they do not appear to weigh in petitioner's favor. With regard to the first factor, the reason for the delay cannot be wholly attributed to the State, given petitioner's allegations that the delay resulted from the negligence of his trial attorney or his appointed appellate defender. Under the third factor, the court is to assess whether a defendant asserted his right to appeal without unreasonable delay. Petitioner alleges that he contacted the KADO on two occasions over nearly a year. It does not appear that he asserted his right to the timely filing of a Notice of Appeal in the state court. Nor does it appear that he has moved the state appellate court for expedited processing of his appeal. A defendant's burden to actively assert his right "is not satisfied merely by moving to dismiss after the delay has already occurred." <u>Id.</u> (citation omitted).

The final _Barker_ factor entails analysis of prejudice to the defendant resulting from the delay. _Id._ (citing _Barker_, 407 U.S. at 532). The interests protected are the same as for speedy trial: the prevention of oppressive incarceration, minimizing anxiety and concern of the defendant, and limiting the possibility that the defense will be impaired. _Id._ at 1244-45. Mr. Logan has not alleged a single fact showing what prejudice has resulted from the delay. _Id._ at 1245.

Petitioner was allowed to file an appeal out of time.[5] A 3 to 11-month delay in effectuating his direct appeal is not shown to have amounted to a deprivation of the appellate process to the extent in either _Harris_ or _Yehling_, particularly in light of petitioner's lengthy sentence. The court concludes that Mr. Logan is not entitled at this time on these facts to a conditional writ of habeas corpus based upon his appointed counsels' delay in effectuating his direct appeal.

**CLAIM FOR RELEASE FROM ILLEGAL CONFINEMENT**

Mr. Logan also asks this court "to intervene" on his claims of "illegal conviction and confinement." Even if petitioner had alleged facts sufficient to establish the _Barker_ factors and a due process violation, he would not be entitled to invalidation of his conviction and release from state confinement. _U.S. v. Wiktor_, 146 F.3d 815, 819 (10th Cir. 1998). "[O]nce a defendant has been convicted, the rights of society increase in proportion to the

---

[5]    "When a petitioner has been granted an appeal out of time, the length of the appellate process should be measured from the entry of that order, unless, or course, delay in perfecting the appeal in the first instance is attributable to the State." _Harris_, 15 F.3d at 1555 n. 9.

rights of the defendant;" so that "[p]ost-conviction prejudice therefore 'must be substantial and demonstrable'." Barker, 407 U.S. at 1244-45 (citations omitted).  As noted, Mr. Logan was convicted as well as sentenced prior to the delay at issue.  Thus, the validity of his current confinement had already been established at trial.  Any prejudice that might result from the delay in initiating his direct appeal must be presented to the state appellate courts in the first instance.[6]

Petitioner is given time to show cause why this action should not be dismissed for failure to exhaust state court remedies.  If he fails to show cause within the time allotted, this action may be dismissed without notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee requirement by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same twenty-day period petitioner is required to show cause why this action should not be dismissed, without prejudice, for failure to exhaust.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 9th day of January, 2012, at Topeka, Kansas.

---

[6]   Petitioner is not entitled to any injunctive or other relief in this federal habeas corpus petition directly against the Kansas Appellate Defender's Office or his appointed trial attorney.  The only relief available in a habeas action is release from illegal confinement.  Furthermore, the state appellate courts rather than this federal habeas court have appellate or mandamus power over state courts or agencies.

s/Sam A. Crow
U. S. Senior District Judge