**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**VICTOR M. LOGAN,**

               **Petitioner,**

       **v.**                                 **CASE NO.  11-3189-SAC**

**KANSAS DEPARTMENT**
**OF CORRECTIONS,**
**et al.,**

               **Respondents.**

## O R D E R

On January 9, 2012, this court entered an order requiring petitioner to show cause why this action should not be dismissed because he currently has a direct criminal appeal pending in state court and has obviously not exhausted state court remedies on any of the claims raised in his federal petition. Mr. Logan has filed a Response (Doc. 4) in which he repeats his argument that he should be allowed to immediately proceed in federal court because his direct appeal was improperly delayed for over a year. In response to the court's finding that this delay was not presumptively prejudicial, he adds his projection that it will take over two years for his direct appeal to be completed. The court is not convinced by petitioner's arguments, and dismisses this action without prejudice for failure to exhaust.

Mr. Logan does not dispute that he was sentenced on June 2, 2010. The court takes judicial notice of the docket in petitioner's state criminal appeal, Kansas v. Logan, App.Ct. No. 106542 (D.Ct. No. 08 CR 1685). This court record shows that a Motion to Docket Appeal out of time was filed on his behalf in the Kansas Court of Appeals (KCA) on August 9, 2011, that a Notice of Appeal and

Docketing Statement were submitted on or before August 22, 2011, and that orders for transcripts were entered on that date as well. The docket also shows that on September 1, 2011, a Show Cause Order was entered, apparently as to why the appeal should not be dismissed, and that Logan's Response to this Order was filed September 7, 2011. The State's Response was filed on September 12, 2011. The docket entry on September 15, 2011, indicates "Appeal retained." The court finds from these entries that Mr. Logan currently has a direct appeal pending in the KCA in which the Notice of Appeal was docketed 13 to 14 months late. See id.

The court further notes from the docket that any delays since the appeal was initiated do not appear inordinate or attributable all to the State. The Brief of Appellant was initially due on December 12, 2011, but Mr. Logan moved for and was granted an extension of time to file his brief to January 11, 2012, then granted a second extension to February 17, 2012, and a third extension to March 19, 2012. Certainly, Mr. Logan cannot request extensions of time in the state appellate court and then seek federal court review based upon those delays in the appellate process. The current docket indicates that Logan's Brief has been received and Appellee's Brief is due April 23, 2012.

The court remains convinced that Mr. Logan has not exhausted his available state court remedies on any of his claims and that his allegations are insufficient to establish that the exhaustion prerequisite should be excused in this case. As Mr. Logan was informed in the court's prior order, the grounds he has set forth in his federal habeas corpus petition may not be heard in federal court until they have been fully exhausted in the courts of the states.

He makes no attempt to dispute that these claims have not been presented to and determined by the highest state court, either on direct appeal or by way of post-conviction proceedings. If Mr. Logan believes his appointed appellate counsel has been or is being constitutionally ineffective for seeking extensions of time, due to a conflict of interest, or on any other grounds, those are additional claims that he must present to the state courts before they may be litigated in a federal habeas corpus petition. Likewise, Mr. Logan's claims that his state direct appeal has been inordinately delayed and that he has been prejudiced as a result must be presented to the state courts in the first instance.

Mr. Logan has not alleged any facts establishing that "the state process, now begun, will not provide him with an effective remedy." Hunter v. McKune, 208 Fed.Appx. 730, 733 (10th Cir. 2008)(unpublished).[1] He does not suggest any manner in which he will be prevented from effectively prosecuting his appeal or explain how his appeal has otherwise been prejudiced due to the initial delay. See Harris v. Champion, 15 F.3d 1538, 1547 (10th Cir. 1994). It is difficult for one who has been convicted and sentenced to a lengthy sentence to show prejudice from a post-conviction delay. See U.S. v. Gould, ___F.3d___, 2012 WL 627964 (10th Cir. Feb. 28, 2012). The delay in this case occurred before petitioner's appeal was properly initiated, and it was not "presumptively prejudicial." Id. (citing Barker, 407 U.S. at 530). Thus, the court still need not weigh the remaining Barker factors. Nor is the court convinced by petitioner's arguments that all remaining Barker factors weigh in

---

[1] Unpublished cases are cited as persuasive authority and not as binding precedent.

his favor. For example, under the third factor, the court is to assess whether a defendant asserted his right to appeal without unreasonable delay. Petitioner's conclusory statements that he contacted the public defender and the court regarding his appeal is not sufficient. Nor is his filing of a disciplinary complaint shown to have been a diligent assertion of his right to appeal. Mr. Logan still fails to indicate that he has moved the appellate court for expedited processing of his appeal. The court concludes that the delay of 12 to 14 months in docketing Mr. Logan's direct criminal appeal has not been shown to have amounted to a deprivation of the appellate process, particularly in light of Mr. Logan's lengthy sentence. Petitioner has not addressed this court's prior reasoning:

> "[O]nce a defendant has been convicted, the rights of society increase in proportion to the rights of the defendant;" so that "[p]ost-conviction prejudice therefore 'must be substantial and demonstrable'." Barker, 407 U.S. at 1244-45 (citations omitted). As noted, Mr. Logan was convicted as well as sentenced prior to the delay at issue. Thus, the validity of his current confinement had already been established at trial. Any prejudice that might result from the delay in initiating his direct appeal must be presented to the state appellate courts in the first instance.

Mr. Logan has not competently disputed the court's previous finding that he has been allowed to file and docket his direct appeal. That is the appropriate relief for a delayed appeal, and the relief he might have expected had he shown inordinate delay and had it not already been effectuated. Even if petitioner had alleged facts sufficient to establish the Barker factors and a due process violation, he would not be entitled to invalidation of his state conviction and release from confinement. U.S. v. Wiktor, 146 F.3d 815, 819 (10th Cir. 1998); see Hunter v. McKune, 298 Fed.Appx.

4

730, 732-33 (10th Cir. 2008)(unpublished)(Where the delay in docketing the petitioner's direct appeal exceeded three years, the KCA's docketing of his direct appeal out of time was the appropriate remedy for this alleged due process violation and had already occurred.). Finally, the court finds that petitioner's allegations regarding errors in the charging documents in his criminal case do not establish that this court must intervene in the state appellate review process.

The court concludes that this action must be dismissed for failure to exhaust the available state court remedies.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, because petitioner has not exhausted state court remedies on any of his claims.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied as moot because he paid the filing fee.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2012, at Topeka, Kansas.

                                      s/Sam A. Crow
                                      U. S. Senior District Judge